UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., ) | Case No.: 11-CV-01043-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| v. ) | PERMISSION TO LODGE ATTORNEY-|
| ) | CLIENT PRIVILEGED DOCUMENTS |
| INNOVATIVE TECHNOLOGY ) | FOR IN CAMERA REVIEW |
| DISTRIBUTORS, LLC, ) | |
| ) | (re: dkt. #55) |
| Defendant. ) | |
| ) | |

Presently before the Court is a motion for permission to lodge documents for *in camera* review. For the reasons explained below, this motion is DENIED.

**I.      Background**

This case involves a multi-million dollar contract dispute between Plaintiff Oracle America, Inc. ("Oracle") and Defendant Innovative Technology Distributors, LLC ("ITD"). Aside from that central contract dispute, Oracle has moved to disqualify certain counsel associated with ITD. In connection with its motion to disqualify counsel, Oracle has also moved for permission to lodge with the Court what it describes as three "attorney-client privileged" documents for *in camera* review. *See* Dkt. #55. Oracle requests permission to lodge the documents for *in camera* review because it contends that the documents are subject to attorney-client privilege, "which might be waived if the documents were filed and served on ITD." *Id*. at 2.

1

Case No.: 11-cv-01043-LHK
ORDER DENYING MOTION FOR IN CAMERA SUBMISSION

However, Oracle also requests that the Court consider these documents as part of Oracle's motion to disqualify counsel. Specifically, Oracle argues that these documents show that its former in-house counsel, Vicky Dal Molin, was involved with matters related to business negotiations between Oracle and ITD before she left Oracle to become General Counsel of ITD.

ITD opposes the motion on two grounds: (1) that Oracle has not described the allegedly privileged documents with "sufficient particularity" as required by Federal Rule of Civil Procedure 26(b)(5); and (2) that, as a matter of fairness, Oracle should not be allowed to both withhold the documents from ITD's review as a matter of privilege and also use the documents affirmatively to disqualify ITD's counsel.

## II. Analysis[1]

The proposition that a litigant waives the attorney-client privilege by placing the attorney's performance at issue during the litigation has come to be identified as the "fairness principle." *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. . . . In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Id*. Under the implied waiver doctrine, the "court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Id*. at 720.

The Court finds that it is appropriate to give Oracle, the holder of the privilege, that choice here. By moving to disqualify Ms. Dal Molin, Oracle has taken an affirmative act and put the privileged information at issue. Indeed, Oracle argues in its Reply that it believes "Ms. Dal Molin has already communicated everything in these privileged emails to [ITD's outside counsel], and so,

---

[1] In a "Reply" to ITD's opposition, Oracle submitted a more detailed privilege log that appears to satisfy the "sufficient particularity" requirement of Rule 26. As explained in the text, however, the Court finds that fairness dictates the denial of Oracle's motion.

2

Case No.: 11-cv-01043-LHK
ORDER DENYING MOTION FOR IN CAMERA SUBMISSION

the cat is out of the bag. This is the entire reason for Oracle's motion for disqualification." *See* Reply at 3.

If Oracle wants the Court to consider the documents it considers privileged in connection with the disqualification motion, then Oracle cannot, at the same time, deny ITD access to the same materials. *See United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (requiring "the court to evaluate whether 'allowing the privilege would deny the opposing party access to information vital to its defense.'"); *see also Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 821 (9th Cir. 2004) (prior to disqualifying counsel, "procedural due process requires notice and an opportunity to be heard"). Otherwise, Oracle would obtain the improper advantage of using the privileged documents as both shield and sword. *See United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived.") (italics in original). In the event that Oracle chooses to turn over the privileged materials, the Court would allow Oracle to file the documents under seal under Civil Local Rule 79-5 (as long as the documents are actually "sealable") and would impose a waiver strictly limiting the use of the documents to ITD's outside counsel's eyes only in the current proceedings before this Court.

On the other hand, Oracle may choose to abandon its request for the Court to consider the allegedly privileged documents in connection with Oracle's motion to disqualify counsel and thereby preserve the privilege. *See Bittaker*, 331 F.3d at 721 ("the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition"). In the event Oracle chooses this option, the Court would still have a voluminous record to consider, which would include the briefs in connection with the motion to dismiss (including a Court-approved "sur-reply" and a "sur-sur-reply) and the hundreds of pages of declarations submitted by the parties in connection with the disqualification motion.

### III. Conclusion

For the reasons explained above, Oracle's administrative motion for permission to lodge

3

Case No.: 11-cv-01043-LHK
ORDER DENYING MOTION FOR IN CAMERA SUBMISSION

attorney-client privileged documents for *in camera* review (dkt. #55) is DENIED.

**IT IS SO ORDERED.**

Dated: June 28, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge