MERYL MACKLIN (CA State Bar No. 115053)
meryl.macklin@bryancave.com
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999

ROBERT S. FRIEDMAN (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone:  (212) 653-8700
Facsimile:    (212) 653-8701

JEFFREY S. ROSS (CA State Bar No. 138172)
ORACLE AMERICA, INC.
500 Oracle Parkway, 7th Floor
Redwood Shores, CA  94065
Telephone:  (650) 506-5200
Facsimile:   (650) 506-7114

Attorneys for Plaintiff
Oracle America, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC.<br><br>           Plaintiff,<br><br>     v.<br><br>INNOVATIVE TECHNOLOGY DISTRIBUTORS LLC, HDLOGIX, INC., VINCENT JAMES SPINELLA, LINDA SPINELLA, and BRIAN CONWAY,<br><br>           Defendants. | CASE NO. 5:11-CV-01043-LHK (HRL)<br><br>Consolidated for all purposes with CASE NO.: 5:11-CV-02135-LHK<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

**WHEREAS** during the course of this action, the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary.

**WHEREAS** the parties wish to preserve the confidentiality of such information through the use of a Protective Order.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED**, by and between counsel for Innovative Technology Distributors, LLC ("ITD"), Oracle Corporation and Oracle America, Inc. (jointly, "Oracle"), subject to the approval of the Court, that the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to this litigation (including, without limitation, any non-party that seeks to intervene or to object to any of the proceedings in the litigation) in connection with discovery in this litigation.

A. **Designated Material**

1. The parties may designate documents produced, testimony given, or any other materials exchanged in connection with this action as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order and Fed. R. Civ. P. 26(c).

2. "**Confidential**" shall mean all documents and testimony, and all information contained therein, and other information designated as confidential, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information, or any other non-public business information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients if the material becomes public.

3. "**Attorneys' Eyes Only**" shall mean all documents and testimony, and all information contained therein, and other information designated as "Attorneys' Eyes Only," if such documents or testimony contain highly sensitive non-public business or financial information, the disclosure of which would, in the good faith judgment of the party designating the material as

"Attorneys' Eyes Only," cause serious and irreparable harm to that party's business or the business of any of that party's customers or clients if the material is disclosed to persons allowed to see Confidential material beyond the persons specified in Section B.2 below. The parties currently believe that there is little, if any, material that falls into this category, and therefore anticipate that this designation will be used very sparingly. Information that is already publicly available may not be designated as "Confidential" or "Attorneys' Eyes Only."

4. "**Producing Party**" shall mean the parties to this action and any non-parties producing "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

5. "**Receiving Party**" shall mean the parties to this action and any non-parties receiving "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production, or otherwise.

6. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential" or "Attorneys' Eyes Only." If the Receiving Party contends that any document or other material designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to confidential treatment, the Receiving Party shall give written notice to the party who designated the material, specifically identifying the challenged material. The designating party, by its counsel, shall respond in writing within 5 days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties. If the designating party refuses to remove the "Confidential" or "Attorneys' Eyes Only" designation, its written response shall state the reasons for this refusal. If the challenge to the confidential designation is not resolved after a good faith meet and confer, the party challenging the designation may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as designated by the Producing Party. If such a motion is filed, the documents or other materials shall be deemed as designated by

the Producing Party unless and until the Court rules otherwise.

   **B.**   **Access to Confidential Information**

   1.   Except with the prior written consent of the Producing Party or by Order of the Court, "**Confidential**" information shall not be furnished, shown or disclosed to any person or entity except to:

   a.   Personnel of ITD or Oracle involved in the litigation of this matter and who have been advised of their obligations hereunder;

   b.   Counsel of record for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder, and Jeff Ross, Oracle's Managing Counsel, Debbie Miller, Oracle's Director of Litigation, and Dorian Daley, Oracle's General Counsel;

   c.   Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential information is furnished, shown or disclosed in accordance with Paragraph (B)(5) below;

   d.   The Court and court personnel;

   e.   An officer before whom a deposition is taken, including stenographic and video reporters and any necessary secretarial, clerical or other personnel of such officer;

   f.   Trial and deposition witnesses;

  g. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

  h. Vendors with whom counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

  i. Mock jurors and jury consultants who have been engaged by any party and/or a party's consultant in preparation for trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and

  j. Any other person agreed to by the parties.

  2. Except with the prior written consent of the Producing Party or by Order of the Court, "**Attorneys' Eyes Only**" information shall not be furnished, shown or disclosed to any person or entity except to those persons listed above in Paragraph (B)(1) under item (b) (with the exception of Dorian Daley), item (c) (subject to Paragraph (B)(5) below), item (d), item (e), item (g), and item (h).  Attorneys' Eyes Only information may be furnished, shown or disclosed to any person or entity listed above under Paragraph (B)(1)(f) if that person or entity is (i) an author, addressee, or a copy recipient of the document, or (ii) an employee, officer, or director of the Producing Party. For any person or entity under Paragraph (B)(1)(f) that is not within the scope of the preceding sentence, Attorneys' Eyes Only information may be furnished, shown or disclosed to such person or entity only (i) with the prior written consent of the Producing Party or by Court Order, and (ii) after the person or entity has signed Exhibit A attached hereto and agreed to comply with and be bound by its terms.

3. Confidential and Attorneys' Eyes Only information shall be utilized by the Receiving Party and/or its counsel, as applicable, only for purposes of this litigation and for no other purposes.

4. With respect to any information produced by ITD on an "Attorneys' Eyes Only" basis, Jeff Ross and Debbie Miller will take all necessary steps to ensure that any such Attorneys' Eyes Only documents are not available for inspection by other employees within Oracle, and such Attorneys' Eyes Only documents shall not be stored on an Oracle server or computer system that could be accessed by other Oracle employees.

5. Before any disclosure of Confidential or Attorneys' Eyes Only information is made to an expert witness or consultant pursuant to Paragraph (B)(1)(c) above, counsel for the Receiving Party shall obtain from the expert, the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Confidential or Attorneys' Eyes Only information may be provided to an expert witness or consultant to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation, *provided that* such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any party to or any competitor or potential transaction counterparty of any party to this litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Attorneys' Eyes Only information solely in connection with this litigation.

**C.  Designation Of Materials**

The designation of materials as "Confidential" or "Attorneys' Eyes Only" for purposes of this Order shall be made in the following manner by any Producing Party:

1. In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only information, except that in the case of multi-page documents bound together by a staple or other permanent binding, the word(s) "Confidential" or "Attorneys' Eyes Only" need only be stamped on the first page of the document in order for the

1  entire document to be treated as Confidential or Attorneys' Eyes Only; provided that the failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order.

2. In the case of depositions or other pretrial testimony, (a) by a statement on the record, by counsel, at the time of such disclosure; or (b) by written notice, sent to all parties within 5 days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Attorneys' Eyes Only material. Unless otherwise stated on the record, all depositions and other pretrial testimony shall be deemed to be "Confidential" until the expiration of the fifth day after counsel receives a copy of the transcript thereof, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

**D.  Inadvertent Production Of Privileged Materials**

1. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

2. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this paragraph.

**E.  Other Items**

1. If any party intends to file with the Court materials that have been designated as Confidential or Attorneys' Eyes Only, the filing party must comply with Local Rule 79-5. Prior

to any dispositive motion hearings and/or trial in this matter, counsel for the parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential or Attorneys' Eyes Only information proposed to be used at such hearing or trial.  Ultimately, the determination of treatment of Confidential or Attorneys' Eyes Only information at such hearing or trial will be determined by the Court.

2.     The parties to this action agree that the production of any discovery material by any non-party shall be subject to and governed by the terms of this Order.

3.     The parties and any other persons subject to the terms of this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

4.     Upon termination of this litigation, any appeal or the expiration of the right to appeal, all originals and copies of any Confidential or Attorneys' Eyes Only information shall either be destroyed or returned to the Producing Party.

5.     Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 14, 2012   BRYAN CAVE LLP

By:   */s/ Meryl Macklin*
      Meryl Macklin
      Attorneys for Plaintiff Oracle America, Inc.

Dated:  March 14, 2012   GCA LAW PARTNERS LLP

By:   */s/ Valerie M. Wagner*
      Valerie M. Wagner
      Attorneys for Defendant Innovative Technology Distributors LLC.

## **ATTESTATION**

1   I, Meryl Macklin, am counsel for Oracle America, Inc. I am the registered ECF user whose username and password are being used to file this AMENDED STIPULATED PROTECTIVE ORDER. In compliance with General Order 45, Section X(B), I hereby attest that the above-identified counsel concurred in this filing.

Dated: March 14, 2012

BRYAN CAVE LLP

By:  */s/ Meryl Macklin*
     Meryl Macklin
     Attorneys for Plaintiff Oracle America, Inc.

**<u>ORDER</u>**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 19, 2012

_____
Hon. Lucy H. Koh
United States District Judge

# EXHIBIT A

I have been given a copy of the Amended Stipulated Protective Order entered in the consolidated actions titled *Oracle America, Inc. v. Innovative Technology Distributors, Inc.*, Civil Action Nos. 11-CV-01043 and 11-CV-02135 (LHK), pending in the United States District Court for the Northern District of California..  I have read and understand the terms of the Order.  I understand that unauthorized disclosure of "Confidential" or "Attorneys' Eyes Only" information will constitute a violation of the Order and that the parties reserve the right to seek appropriate redress, including sanctions, from the Court for willful violations thereof.  With full knowledge of the terms and requirements of the Order, I agree to be bound by its terms.  I agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of this Order.

Dated: _____                By: _____