MERYL MACKLIN (CA State Bar No. 115053)
meryl.macklin@bryancave.com
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

ROBERT S. FRIEDMAN (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

JEFFREY S. ROSS (CA State Bar No. 138172)
ORACLE AMERICA, INC.
500 Oracle Parkway, 7th Floor
Redwood Shores, CA 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Plaintiff
Oracle America, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE TECHNOLOGY DISTRIBUTORS LLC, HDLOGIX, INC., VINCENT JAMES SPINELLA, LINDA SPINELLA, and BRIAN CONWAY, <br><br> Defendants. | CASE NO. 5:11-CV-01043-LHK (HRL) <br><br> Consolidated for all purposes with Case No.: 5:11-cv-02135-LHK <br><br> **[PROPOSED] ORDER APPOINTING SPECIAL MASTER BY CONSENT** |

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, this Court's Minute Order and Case Management Order filed February 15, 2012 (Docket no. 120), and the parties' Stipulation for Appointment of Special Master, the Court hereby appoints the Hon. William J. Cahill (Ret.) of JAMS as Special Master to assist the Court in resolving discovery disputes that may arise in this litigation (hereinafter "Special Master").

1. <u>Basis for Appointment</u>: The Special Master is hereby appointed pursuant to Rule 53(a)(1)(A) to perform duties consented to by the parties.

2. <u>No Grounds for Disqualification</u>: Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed a declaration with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. The parties have stipulated and agreed that Judge Cahill's prior service as a mediator in this action shall not provide a basis to seek his disqualification as Special Master. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

3. <u>Fairness Considerations</u>: Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation in an efficient manner, thereby achieving cost-savings to all parties. The Court will protect against unreasonable expense and delay through communication with the Special Master and the parties as appropriate.

4. <u>Notice Given to All Parties</u>: Pursuant to Rule 53(b)(1), the Court provided notice to all parties of its intent to appoint a Special Master. All parties have had an opportunity to be heard with respect to such appointment before issuing this Order.

5. <u>Diligence</u>: Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties.

6. <u>Scope of Special Master's Duties and Authority</u>: Pursuant to the stipulation of the parties, the Special Master shall have the authority provided in Rule 53(c), as well as the authority to make final orders concerning discovery disputes that may arise between the parties. The parties

have expressly waived any right to object to a final order by the Special Master under Rule 53(f) in any dispute between the parties. Any appeal concerning or arising from a final order by the Special Master in a dispute between the parties shall be taken to the United States Court of Appeal in the same manner as an appeal from any other order of the District Court. With respect to discovery disputes between a party or parties and a non-party in this action, the Special Master shall have the authority provided in Rule 53(c) to assist the Court in resolving said disputes. The parties have expressly waived any right to object to an order by the Special Master under Rule 53(f) in a dispute between a party or parties and a non-party. A non-party in a discovery dispute with a party shall retain all rights available under Rule 53(f), and if the non-party does not object to the Special Master's ruling within the time allowed under Rule 53(f)(2), the Special Master's ruling shall become a final order.

7. <u>Procedure for Motions Submitted to the Special Master</u>: Prior to submitting any dispute to the Special Master, the parties shall jointly contact the Special Master to determine a mutually agreeable date and time for the dispute to be heard. Disputes may be heard telephonically or in person. Discovery motions and oppositions thereto shall take the form of a letter brief to the Special Master not to exceed five pages in length, exclusive of declarations and exhibits. Letter briefs and supporting materials shall be served concurrently on the Special Master and the other side via email, with opposition briefs and supporting materials due no later than 7 days after service of opening briefs. No reply briefs will be permitted.

8. <u>Ex Parte Communications</u>: The Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party.

9. <u>Preservation of Materials and Preparation of Record</u>: The Special Master shall maintain files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. Any records of the Special Master's activities other than his written orders, findings, and/or recommendations shall be filed in accordance with paragraph 15 herein.

10. <u>Compensation</u>: Pursuant to Rule 53(b)(2)(E) and 53(g), the parties shall be billed at an hourly rate of $800 for the Special Master's services in these proceedings plus a case

management fee of $400 per party, per day.  If the Special Master uses the services of a law clerk, the parties shall be billed $165 per hour for the law clerk's time.  At the end of each month in which the Special Master's services (including his law clerk's services as applicable) are utilized by the parties, he shall prepare and provide an invoice to counsel for Oracle and for ITD (and related parties).  Each side shall be billed for half of the hourly fees, unless the Special Master or the Court directs otherwise.

11. <u>Special Master's Reports to Court</u>:  The Special Master shall report to the Court as directed by the Court.  Fed. R. Civ. P. 53(f)

12. <u>Special Master's Orders</u>:  The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") system.  Such filing shall fulfill the Special Master's duty to serve his order on the parties.  Fed. R. Civ. P. 53(d).

13. <u>Court's Actions on Special Master's Orders</u>:  The parties have stipulated and agreed that the Special Master's orders shall be final and have expressly waived the right to object to any final order by the Special Master, whether in a dispute between the parties or between the party or parties and a non-party.  In the event a non-party seeks to exercise rights available under Rule 53(f), the Court shall give the parties and non-party notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the Special Master with instructions.  Fed. R. Civ. P. 53(f)(1).

14. <u>Filing the Record for Review</u>:  Any party wishing to preserve the right to appeal any final order by the Special Master to the United States Court of Appeal, or any non-party filing any objection or motion pertaining to a ruling by the Special Master, shall submit (with such objection or motion, or otherwise) any record necessary for review of the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.  *See* Fed. R. Civ. P. 53(b)(2)(D).

4

[PROPOSED] ORDER APPOINTING SPECIAL MASTER
*Oracle America, Inc. v. Innovative Technology Distributors LLC et al.*
Case No. 5:11-CV-01043-LHK (HRL)

15. <u>Standard for the Court's Review</u>: Pursuant to Rule 53(g)(3)-(5), in the event a non-party files any objection or motion pertaining to a ruling by the Special Master, the Court shall review findings of fact made or recommended by the Special Master de novo. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

16. <u>Amendment of Order Appointing Special Master</u>: Pursuant to Rule 53(b)(4), this Order appointing a Special Master may be amended at any time after notice to the parties and an opportunity to be heard.

DATED: April 6, 2012

*Lucy H. Koh*
Honorable Lucy H. Koh
United States District Judge