UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br>                Plaintiff, <br>    v. <br><br>INNOVATIVE TECHNOLOGY DISTRIBUTORS, INC., <br><br>                Defendant. | Case No.: 11-CV-01043-LHK <br>Related Case No: 11-CV-02135-LHK <br><br>ORDER DENYING MOTION TO FILE UNDER SEAL PORTIONS OF FIRST AMENDED COMPLAINT <br><br>(re: dkt. #122) |

On February 24, 2012, Oracle filed a motion for leave to file under seal certain portions of Oracle's Amended Complaint ("FAC"). *See* ECF No. 122. In support of its motion to seal, Oracle filed the Declaration of Margaret Branick-Abilla. ECF No. 123. On March 2, 2012, Defendant filed a response, ECF No. 124, along with the Declaration of Vincent James Spinella, ECF No. 124-1, in support of Plaintiff's second motion to seal in accordance with Civil Local Rule 79-5(d).

Under the Civil Local Rules, to be sealable, a document must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5. There is generally a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That presumption may be overcome, and court records may be sealed, only upon a showing of "compelling reasons."[1] *Kamakana v. City*

---

[1] The Ninth Circuit applies a lower "good cause" standard to sealed discovery documents attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1179. The rationale for this lower standard is

1

Case No.: 11-cv-01043-LHK
Related Case No: 11-cv-02135-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

*and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That is, the party seeking to seal a judicial record "must 'articulate[] compelling reasons supported by specific factual findings,'" and the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). Although a "good cause" showing will suffice to seal documents produced in discovery attached to non-dispositive motions, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* at 1180. "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Id.*

Oracle moves to file its FAC under seal on grounds that certain financial and other information contained within them has been designated as "Confidential" or "Attorneys' Eyes Only" by ITD under the Protective Order. *See* ECF No. 122. Defendant ITD has submitted a declaration supporting Plaintiff's request to seal, in compliance with Civil Local Rule 79-5(d). *See* Decl. of Vincent James Spinella, ECF No. 124-1 ("Spinella Decl."). In the declaration, ITD explains that portions of paragraphs 28, 30, 37, 38, 39, 41, 43, 48, 51, and 57 of the FAC contain "highly sensitive information" concerning either: (1) the personal finances of James and Linda Spinella; (2) ITD's and HDlogix's ownership structure, internal operations and business strategies, revenue numbers, financial accounting methodologies, and customer relationships; or (3) the

---

that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* In this case, the documents at issue are portions of Plaintiff's amended complaint. As such, unlike discovery documents attached to a non-dispositive motion, these documents are directly relevant to the merits of Plaintiff's claims. For this reason, the Court applies the "compelling reasons" standard to Plaintiff's motion to file under seal.

2
Case No.: 11-cv-01043-LHK
Related Case No.: 11-cv-02135-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

amount of ITD's debt and its lender relationships. *See* Spinella Decl. ¶¶ 3-12. ITD does not object to the remaining portions of Oracle's FAC being publicly available. *See* ECF No. 124 at 3.

Upon review of the passages of the FAC that ITD has designated confidential and wishes to file under seal, the Court is not persuaded that they contain any sealable information. For example, while paragraphs 28 and 30 refer to the Spinellas' finances and ownership stakes, they do not disclose any specific, detailed information warranting protection from public view. Similarly, while paragraph 37 describes evidence of ITD's and HDlogix's revenues, it does not disclose specific financial information. While ITD may not want all of this information disclosed, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). The allegations contained in Oracle's FAC are not unrelated or merely tangential to the underlying cause of action, but rather form the very foundation of Oracle's new fraudulent conveyance claims against ITD. The public therefore has a strong interest in accessing the allegations in the FAC, and ITD has not shown compelling reasons why its private interest outweighs the public's strong interest in accessing public records. The motion for leave to file portions of the FAC under seal is therefore DENIED. Absent a stipulation of the parties to amend the FAC to exclude the portions ITD wishes to remain confidential, Oracle shall file a non-redacted version of the FAC within 7 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 8, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No.: 11-cv-01043-LHK
Related Case No.: 11-cv-02135-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL